IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Shirley A. Johnson | ) | C/A No.: 3:08-803-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Midlands Technical College Foundation, | ) | ORDER |
| d/b/a Midlands Technical College; | ) | |
| Ronald Rhames and Timothy McLellan, | ) | |
| in their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

Plaintiff Shirley A. Johnson filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq., asserting employment discrimination on the basis of race and gender, and retaliation for engaging in protected behavior under Title VII. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

Defendants filed motions for summary judgment on January 5, 2009, which were fully briefed. The motions were automatically referred to Magistrate Judge Paige J. Gossett pursuant to Local Rule 73.02(B)(2)(g).

The Magistrate Judge filed a detailed and comprehensive Report on August 4, 2009, recommending that defendants' motions for summary judgment be granted. Plaintiff was informed of her right to file objections to the Report, which she filed on August 21, 2009. Defendants filed a reply to plaintiff's objections on September 3, 2009. This matter is now ripe for review.

Plaintiff appears to assert four objections to the Report: (1) that the Magistrate Judge improperly determined that she failed to establish a causal nexus between her report of negative conduct toward women and the retaliatory adverse employment actions she alleges were taken against her; (2) that the Magistrate Judge erred in finding that defendants had articulated a legitimate nondiscriminatory reason for employment actions taken against the plaintiff and that the reasons were not pretextual; (3) that the Magistrate Judge erred in concluding that she could not prove that the defendants' rationale for not promoting her was pretextual; and (4) that the Magistrate Judge incorrectly determined that the preselection of

Regina Gillyard ("Gillyard"), the alleged discriminatory hire, and the failure to post the opening were not evidence of a pretext for racial discrimination.

In light of the standard set out above, the court has reviewed, de novo, the record, the law, the Report of the Magistrate Judge, together with plaintiff's objections thereto, and defendants' reply. The court finds that there are no genuine issues of material fact under Fed. R. Civ. P. 56, and that defendants are entitled to judgment as a matter of law on each of plaintiff's claims.

I. Title VII Retaliation Claim

A. Plaintiff has failed to establish a causal nexus between her protected activity and any adverse employment actions

The Magistrate Judge found that plaintiff has put forth enough evidence on the first two prongs of the her prima facie case alleging Title VII retaliation to survive summary judgment. However the Report concludes that plaintiff has failed to satisfy the third prong, insofar as she failed to establish a causal nexus between her protected conduct and two manifestations of retaliation. The Magistrate Judge found the following, if true, could dissuade an employee from engaging in protected activity: (1) withholding information plaintiff believed was necessary to do her job, and (2) denying plaintiff the opportunity to attend training relating to new operations management software (the "School Dude" software). The Magistrate Judge found that other acts alleged by the plaintiff, if true, would not rise to the level of unlawful retaliation. The Magistrate Judge analyzed the two potentially retaliatory acts in the Report, and concluded that the plaintiff's own testimony

would prevent a jury from finding for her as to the withholding of information charge and that the interval between the protected activity and the denial of training attenuated any inference of causation with regard to the denial of training allegation.

Plaintiff objects to several findings in the Report relating to the causation facet of her retaliation claim, asserting that the Magistrate Judge erred in finding that the interval between her protected activity and the alleged retaliation was too long to support an inference of causation. Plaintiff asserts that defendant McClellan withheld information from her shortly after the protected activity and that the denial of School Dude training and her resulting diminution in responsibilities was not too distant to support an inference of gender discrimination.

The plaintiff's initial objection misstates the finding of the Magistrate Judge's Report in that she argues the Magistrate Judge mistakenly found that the withholding of information did not occur within a sufficiently close period to support an inference of retaliation. However, the Magistrate Judge found that a reasonable jury could not find for the plaintiff *based on plaintiff's own testimony*, not on attenuated causation grounds. The court has reviewed the record de novo and agrees with the Report's finding. The plaintiff's clear statement is that, in her opinion, her supervisor was not forthcoming with information "due to the nature of the job . . . [and that the supervisor] was discriminating against [plaintiff] because [plaintiff] wasn't supposed to be doing [the supervisor's] job." (See Pl.'s Dep. 146-47, Docket Entry 34-3) Plaintiff's testimony was in response to the question of whether

4

plaintiff thought gender or race discrimination was the motivating animus behind the supervisor's alleged discrimination. Plaintiff said neither gender nor race discrimination was the motivating animus. Plaintiff has been given ample opportunity to substantiate her gender and race discrimination charges, but has failed to supported her assertions. No reasonable jury could find that gender or racial discrimination motivated defendant McClellan's actions, especially when plaintiff does not allege them as motivating factors either.

Plaintiff next objects to the Report's finding that too lengthy a period of time had passed between the protected activity and her denial of School Dude training and subsequent diminution in responsibility to support a causal inference of retaliation. The Fourth Circuit has held that "[a] lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). Furthermore, because significant lapses in time attenuate the causal connection, an absence of further corroborating evidence of retaliation would result in "a thirteen month interval between the [EEOC] charge and [the adverse employment action] [being] too long to establish causation." Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998).

The time period in this case spans from September 2004 to the 2006 implementation of School Dude and the resulting diminution of her job responsibilities. Plaintiff has failed to introduce additional evidence supporting a nexus, and the approximately eighteen-month

5

interval between the protected activity and the denial of training and diminution in plaintiff's job responsibilities negates the inference of a causal connection. The court finds plaintiff has failed to establish the third prong of her prima facie case of Title VII retaliation.

> B. Plaintiff has not established that defendants' legitimate, nondiscriminatory rationale for the alleged adverse employment actions is unworthy of credence

The Report found that even if plaintiff could establish a prima facie case of retaliation, that defendants have put forth a legitimate, nondiscriminatory reason for any alleged adverse employment actions. The plaintiff objects to this finding, arguing that the Magistrate Judge failed to take into account the alleged adverse act of withholding information necessary to do her job. This court finds that plaintiff has failed to establish a prima facie case of retaliation, and the court need not reach this issue.

However, assuming arguendo that plaintiff could establish a prima facie case, plaintiff has put forth no evidence that defendants legitimate, nondiscriminatory rationale for plaintiff's change in job responsibilities, the implementation of School Dude, is unworthy of credence. Plaintiff acknowledges that the defendants' did not implement School Dude to retaliate against her. (Pl.'s Dep. 185, Docket Entry 34-4.) Because Plaintiff acknowledges that School Dude was not implemented to retaliate against her, and that the diminution in her responsibilities were the direct result of adopting the more efficient School Dude operations management software, the court finds that plaintiff has failed to establish that the defendants'

6

stated rationale for changes in her job responsibilities are unworthy of credence or a pretext for unlawfully motivated retaliation.

Plaintiff has also failed to show why she should have been sent to the training seminar, rather than the individual in charge of training persons on new software at Midlands Technical College ("MTC"). She alleges that it was her idea to adopt the new software; this fact in no way casts doubt on MTC's decision to send to the training seminar the individual whose responsibility it was to train other people on computer systems. MTC's proffered explanation is persuasive and plaintiff has introduced no evidence to challenge it other than the bald assertion that she should have been chosen. Accordingly, even if plaintiff could establish a prima facie case of retaliation, she could not show that defendants' legitimate, nondiscriminatory reason for denying her School Dude training and reducing her responsibilities is untrue or unworthy of credence.

II. Title VII Failure to Promote Claim

The Report found that even if plaintiff could establish a prima facie case of discrimination based on a failure to promote, plaintiff could not establish that the defendants' reasons for not selecting her were pretextual and that race discrimination was the true reason behind the allegedly discriminatory acts. Plaintiff objects to this finding, asserting that plaintiff can prove that defendants' actions were pretextual and based on race. In support of this argument, plaintiff objects to the Magistrate Judge's Report insofar as the Report finds that (1) the only evidence supporting plaintiff's assertion of her superior qualifications was

her own opinion, (2) Gillyard's preselection was not evidence of pretext, and (3) the plaintiff failed to prove defendants' stated reason for hiring Gillyard was false.

In order for a plaintiff to establish pretext in a unlawful failure to promote suit, a plaintiff may show that she is better qualified, or amass circumstantial evidence that undermines the credibility of the employer's stated reasons. See Hux. City of Newport News, 451 F.3d 311, 315 (4th Cir. 2006). However, in demonstrating her qualifications, a plaintiff must bear in mind that an employer has the right to establish qualifications for a job, and in order to show pretext, a plaintiff must show that she was better qualified than the hired candidate with regard to the qualities and qualifications the employer has deemed important. See Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005). Moreover, "[w]hen a plaintiff asserts job qualifications that are similar or only slightly superior to those of the person eventually selected, the promotion decision remains vested in the sound business judgment of the employer." Heiko v. Colombo Savings Bank, F.S.B., 434 F.3d 249, 261 (4th Cir. 2006). Plaintiff's "unsubstantiated allegations and bald assertions concerning her own qualifications" will fail to disprove defendants' explanation and show discrimination. Evans v. Technologies Applications and Service Co., 80 F.3d 954 (4th Cir. 1996).

> A. Plaintiff has not introduced sufficient evidence to prove she possessed the requisite qualifications for the position in controversy

Taking all facts and inferences in the light most favorable to the plaintiff, plaintiff cannot show that she is better qualified than Gillyard for the Administrative Assistant

8

position, nor has she amassed sufficient circumstantial evidence to undermine the employer's stated reasons. In support of her argument that plaintiff is qualified, plaintiff asserts that when she previously applied for the Administrative Assistant position, her manager praised her and stated that she was overqualified for the position applied to; that same supervisor has testified that he was referring to her being overqualified for the position she then occupied and occupied until her retirement from Midlands Technical College in 2007. Plaintiff also asserts that she served as a backup for the previous administrative assistant when that employee was out sick or otherwise unavailable. The Fourth Circuit has made it clear that "[the court] cannot require that different supervisors within the same organization must reach the same conclusions on an employee's qualifications and abilities." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 272 (4th Cir. 2005). "Moreover, she cannot establish pretext by relying on criteria of her choosing when the employer based its decisions on other grounds." Id. at 271. On this basis, even if her former superior was speaking of her over-qualification for the Administrative Assistant position it would be of no moment as he did not make the current decision to hire Gillyard.

The uncontroverted testimony of Craig Hess ("Hess"), the supervisor who selected Gillyard to fill the Administrative Assistant position, is that he selected Gillyard based on his personal interactions with her, where he found her to be "courteous, professional, competent and knowledgeable across a broad range of the College's policies and procedures" and that she possessed the "poise and experience to succeed in the job." (Hess Aff., 2-3, Docket Entry

9

34-9.) Plaintiff has not demonstrated that she possesses the requisite courtesy, professionalism, broad knowledge of campus policy, and experience dealing with high level individuals at Midlands Technical College that Hess was looking for. Plaintiff has put forth no evidence that her abilities and experience matched the skill set Hess deemed important better than Gillyard, in fact plaintiff has testified that she didn't know which skills Hess sought. (Pl.'s Dep. 221:9-11, Docket Entry 34-4.) Without such knowledge, plaintiff cannot argue that she has more qualifications for the job.

> B. Neither the race of the decision-makers nor the preselection of Gillyard creates an inference of pretext

The Magistrate Judge found that the plaintiff has put forth no evidence that discrimination motivated the selection of Gillyard rather than plaintiff. Plaintiff objects to this finding, asserting that pretext could be inferred from the race of the decision-makers and the preselection of Gillyard by these decision-makers. However, Plaintiff misstates the facts when alleging that both decision-makers were black. The principal decision-maker was Hess and the only black decision-maker involved in the hiring of Gillyard was Dr. Ronald Rhames ("Rhames"), whose involvement in the hiring seems to have taken place only after an initial selection by Hess. According to Rhames' deposition, Hess selected Gillyard, came to Rhames to explain his rationale for selecting Gillyard and for his approval, and upon reviewing her credentials, Rhames approved Hess' request to fill the position with Gillyard. Rhames' only involvement in the hiring process came post-selection in the form of approving

Hess' request to hire Gillyard. Plaintiff has produced no evidence that Rhames exercised any discretion in steering Hess toward a black candidate generally, or Gillyard specifically.

The Magistrate Judge also found that plaintiff has not put forth proof that the preselection of Gillyard was racially motivated. Plaintiff objects to this finding and asserts that Gillyard's preselection for the position is probative of pretext. The Fourth Circuit has clearly stated that preselection, absent proof of racial animus, does not violate Title VII. See Anderson v. Westinghouse Savannah River Co., 406 F.3d 248 (4th Cir. 2005)(holding that preselection of an employee for a promotion is not sufficient evidence for a reasonably jury to conclude that defendants' explanation was pretext for discrimination). The Fourth Circuit explained that because preselection works to the detriment of all applicants, or would-be applicants, preselection does little on its own to support a finding of racial discrimination as it discriminates equally against all races. Blue v. United States Dep't of the Army, 914 F.2d 525, 541 (4th Cir. 1990). Plaintiff concedes that preselection alone is not sufficient to show discrimination and argues that Gillyard's preselection must be viewed in the context of other acts which plaintiff submits when taken together give rise to an inference of racial discrimination.

Plaintiff argues that preselection must be viewed in the context her asserted superior qualifications for the Administrative Assistant position and her assertion that black decision makers discriminated against her by failing to consider her and instead choosing a black individual. First, the court has addressed her claims of superior qualifications above and

11

found them unpersuasive. Second, as discussed above, Hess is white and appears from all of the evidence to have been the primary decision-maker. He discussed her hiring with Dr. Rhames, his black superior, but Hess was clearly the motivating force behind filling the position with Gillyard. Accordingly, in the absence of further proof, plaintiff's argument that a white supervisor discriminated against plaintiff by hiring a black assistant does not support an inference of racial discrimination. Based on the foregoing and the evidence in the record, the court finds that plaintiff cannot establish an inference of racial discrimination and has not put forth arguments or evidence sufficient to allow a reasonable jury to find defendants' proffered reasons for hiring Gillyard unworthy of credence.

### III. Conclusion

For the foregoing reasons, the court adopts in full the Report of the Magistrate, overrules plaintiff's objections, and grants defendants' motions for summary judgment.

IT IS SO ORDERED.

September 21, 2009  
Columbia, South Carolina

s/ Joseph F. Anderson, Jr.  
United States District Judge